UNITED STATES

v.

**Airman First Class Timothy J. HUGHES, FR 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, United States Air Force.**

**ACM S27064.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 Jan. 1986.

Decided 1 Aug. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Donal F. Hartman, Jr.

Before FORAY, MURDOCK and O'HAIR, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

A military judge sitting as a special court-martial convicted the appellant of uttering a large number of bad checks with the intent to defraud. He now asserts two errors. We find merit in only one of his assertions. The officer who signed the action of the convening authority in this case was not authorized to assume command. The action therefore was a nullity.

The regularly assigned convening authority was the air base group commander, a colonel. He was required to attend the Base Commanders' School at Maxwell Air Force Base from 24 February 1986 through 24 March 1986. During his absence the deputy air base group commander, a lieutenant colonel, attempted to assume command of the air base group. His assumption was not effective.

In an affidavit filed with us, the air base group commander states that the deputy air base group commander was not the most senior lieutenant colonel eligible to assume command in the air base group. The air base group commander states that there is "an implied understanding" between the commander of the Sacramento Air Logistics Center, the deputy air base group commander, the one lieutenant colonel senior to the deputy air base group commander, and the air base group commander to the effect that the deputy air base group commander would "assume command" during the air base group commander's absence. That understanding was contrary to law and cannot be given legal effect.

Air Force Regulation 35-54, Rank, Precedence, and Command, 15 September 1981, para. 10a. states:

Assumption of Command. The Command of an Air Force unit devolves on the senior assigned eligible officer who is present for duty, unless that officer is prohibited from assuming command by higher authority or with the exception of paragraph 10c. below, unless another officer has been appointed to command by

proper authority. To assume command certain requirements must be met. The officer assuming command must:

. . . . .

(4) Be senior in rank to any other officer in the organization who meets the above three requirements.

The deputy air base group commander was not the senior eligible officer present for duty. The primary purpose of provisions for designating command responsibility is to ensure it is always clear who is in command of a military unit. Considering the awesome responsibilities of military command, the country cannot allow confusion about who is authorized to command a military unit. "Implied understandings" of the parties are not adequate to insure the required level of awareness concerning who is in command. Members of the unit and persons outside the unit must be able to determine who is in command, not just the commanding officers themselves. We hold that the provision for a higher authority to prohibit an officer from assuming command does not include "implied understandings" of the parties.

Because the deputy air base group commander signed the action of the convening authority when he was not legally the convening authority, a new action must be accomplished. The record is returned to the Judge Advocate General for transmittal to the convening authority.

Senior Judge FORAY concurs.

Judge O'HAIR did not participate.