**UNITED STATES**

v.

**Charles W. McGUIRE, 481 96 2589, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 90 0868.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 6 Nov. 1989.

Decided 27 March 1991.

---

872

Maj G.S. Warner, USMC, Appellate Defense Counsel.

CAPT Robert G. Oliver, JAGC, USNR, Appellate Defense Counsel.

LT Ruth M. Medeiros, JAGC, USNR, Appellate Defense Counsel.

LT Rosalyn D. Calbert, JAGC, USNR, Appellate Government Counsel.

Before WILLEVER, C.J., STRICKLAND, Senior Judge, and ORR, J.

ORR, Judge:

It having been made known to the Court as a fact that the appellant in this case died on 20 October 1990, prior to completion of appellate review, the findings of guilty and the sentence are set aside and the charges are dismissed. All rights, privileges, and property of which the appellant was deprived by virtue of the sentence will be restored.

The post-trial action in this case requires comment despite the death of the appellant. We note that at a special court-martial convened by LtCol G.L. Parks, USMC, the Commanding Officer, 2nd Battalion, 5th Marine Regiment (hereinafter "2/5"), 1st Marine Division (Rein), the appellant was found guilty in accordance with his pleas of wrongfully using amphetamine/methamphetamine and was sentenced by the military judge to be confined for 1 month, to forfeit $450.00 pay per month for 1 month, to be reduced to pay grade E–1, and to be discharged with a bad-conduct discharge.

The appellate defense counsel points out, and the Government counsel concedes, that the convening authority's action on this case was taken by a "LtCol J.C. Fegan III, U.S.M.C.", who was not the convening authority and was not authorized to act for the convening authority in taking this action. Lieutenant Colonel Fegan was the Commanding Officer, 2nd Battalion, 9th Marine Regiment (hereinafter "2/9"), 1st Marine Division (Rein), the appellant's commanding officer at the time of trial. LtCol Parks was the Commanding Officer of 2/5 at all times between 16 July 1989, the date immediately preceding the signing of the convening order and the referral of charges, and 7 February 1990, the date following the signing of the purported convening authority's action in this case.

While the appellant was initially assigned to 2/5, he was apparently reassigned to 2/9 when 2/5 deployed overseas some time after 17 July 1989. The appellant's new command chose not to rerefer the charge, and the case proceeded to trial on 10 October 1989. Other than several potential practical problems, there does not appear to be any legal impediment to such a division of authority. *See* Discussion, Rule for Courts–Martial (R.C.M.) 601(b), Manual for Courts–Martial, United States, 1984. At this initial session, however, the military judge discovered that the appellant and his current commanding officer, LtCol Fegan, had concluded a pretrial agreement. The military judge recognized that LtCol Fegan lacked the authority under R.C.M. 705(a) to enter into such an agreement because he was not the convening authority. A recess was taken, and the court reconvened on 6 November 1989 when a pretrial agreement between the accused and LtCol Parks had

been concluded. The operative elements of both agreements were identical.

Despite the military judge's apt warning that there are no lateral transfers of convening authority responsibilities, this did not prevent LtCol Fegan from signing the convening authority's action as the commanding officer of 2/5, a position he did not then hold. Such an action is a nullity. *Cf. United States v. Hughes*, 22 M.J. 908 (A.F.C.M.R.1986), *pet. denied*, 24 M.J. 37 (C.M.A.1987) (at the time the deputy air base group commander signed the convening authority's action as the air base group commander, he was not the senior eligible officer present for duty and the action was a nullity).

R.C.M. 1107(a) states that the convening authority shall act on the sentence unless it is impracticable, and "[i]f it is impracticable for the convening authority to act, the convening authority shall, in accordance with such regulations as the Secretary concerned may prescribe, forward the case to an officer exercising general court-martial jurisdiction who may take action under this rule." The Secretarial regulations for the Department of the Navy in this regard are promulgated in the Manual of the Judge Advocate General of the Navy (hereinafter "JAGMAN"). The version of the JAGMAN applicable to these proceedings is reflected in Change 6 of 22 April 1987 to JAG Instruction 5800.7B of 1 July 1978. Section 0145b(2) of that directive stated:

> For commands in the chain of command of the Commandant of the Marine Corps, if it is impracticable for the person who normally would take action as convening authority to do so, that person shall cause the record of trial to be forwarded to an officer exercising general court-martial jurisdiction over the command. The letter or message which causes the record to be so forwarded shall contain a statement of the reasons why the normal convening authority could not act on the record, and any other matters deemed appropriate by the forwarding officer.

The identical provision now appears in Section 0151b(2) of the current JAGMAN, JAG Instruction 5800.7C of 3 October 1990.

Even in his legitimate capacity as the commanding officer of 2/9, LtCol Fegan was not an officer exercising general court-martial jurisdiction over 2/5 at the time he signed the purported convening authority's action, and the record of trial contains no indication that LtCol Parks ever forwarded the record of trial to LtCol Fegan by letter, message, or otherwise. The discussion following R.C.M. 1107(a) suggests that the record should include a statement of the reasons why the convening authority did not act on the case.

We do not decide in this case whether R.C.M. 1107(a) requires such a statement in the record, nor do we decide whether any impracticability existed in this case that prevented the convening authority from acting. If the appellant was not deceased, we would set the purported action of the convening authority aside and return the record of trial to the Judge Advocate General of the Navy for submission to the original convening authority or another appropriate authority for action in accordance with Article 60(c), Uniform Code of Military Justice, 10 U.S.C. § 860(c), and R.C.M. 1107. That, however, is no longer necessary.

Chief Judge WILLEVER and Senior Judge STRICKLAND concur.